IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01953-WYD-MEH

PATRICK COLLINS, INC.,

    Plaintiff,

v.

JOHN DOES 1-42,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 17, 2012.**

    Pending before the Court are a Motion for Leave to Proceed Anonymously [filed September 13, 2012; docket #16] and Defendant J. Doe No. 22's Omnibus Motion to: (1) Sever Defendants for Improper Joinder, (2) Emergency Stay the Proceedings Based on Resolution of Misjoinder Issue, (3) to Quash the Subpoena, or in the Alternative, (4) for Protective Order [filed September 13, 2012; docket #17]. Both motions are **denied without prejudice** for failure to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

The Court acknowledges Defendant's request to proceed anonymously, as revealing his identity may effectively moot a motion to quash. At the same time, the logistics of litigation necessitate that a movant disclose his contact information to the Court. *See* D.C. Colo. LCivR 10.1K. Therefore, if Defendant wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he must first (or contemporaneously) file a motion to proceed anonymously *and* provide to the Court his name, address, telephone number and email address in accordance with Rule 11(a) and D.C. Colo. LCivR 10.1K. If Defendant wishes to keep his identifying information confidential, Defendant may file his Signature Block separately, and may request that the document be maintained under Restriction Level 2 pursuant to the procedure set forth in D.C. Colo. LCivR 7.2.

    In addition, the Court observes two other deficiencies with Defendant's Omnibus Motion. First, to the extent the Motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g.,*

*In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). In this case, Defendant has failed to provide the Court with a copy of the subpoena; thus, the Court cannot determine whether it is authorized to rule on Defendant's motion to quash at this time.

With respect to the remainder of the Motion, due to its varied requests for relief, adjudication of the Motion would likely require different standards of review and legal analyses of both dispositive and non-dispositive issues. In the interests of judicial efficiency and the proper management of its docket, the Court instructs the Defendant to file his remaining requests for relief each in separate motions, as applicable. *See* D.C. Colo. LCivR 7.1C ("A motion shall be made in a separate paper.")