IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01953-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

BRIAN BATZ,
JOHN DOES 1-2, 4-13, and15-42,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 24, 2012.**

    Before this Court are Defendant Doe #22's Motion to Quash [filed October 22, 2012; docket #47] and Doe #22's Continued Request to Proceed Anonymously [filed October 22, 2012; docket #45]. Doe #22 has also filed a Motion to Sever and Dismiss [docket #49], which remains pending before Chief Judge Daniel.

    First, with respect to Doe #22's Motion to Quash [filed October 22, 2012; docket #47], the challenged subpoena appears to be issued from the U.S. District Court for the District of New Jersey. Thus, to the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must **deny such request without prejudice**. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d at 231.

    To the extent Doe #22 believes his motion seeks protective relief other than that which would have the effect of quashing or modifying the subpoena issued from the District of New Jersey, the Court may entertain such motion in accordance with the standards set forth in *Rajala v. McGuire Woods, LLP*, No. 08-2638-CM-DJW, 2010 WL 4683979, at *6-7 (D. Kan. Nov. 12, 2010), and the Defendant may file such motion on or before November 9, 2012.

Turning to Doe #22's Continued Request to Proceed Anonymously [filed October 22, 2012; docket #45], the Court finds good cause to **grant** the motion as follows. Doe #22 may continue proceeding anonymously during the pendency of his Motion to Sever and for purposes of refiling a motion for protective order in accordance with the deadline prescribed above. Following the resolution of the aforementioned motions, Doe #22 must request additional permission to continue proceeding anonymously.

The Clerk of the Court is directed to mail a copy of this minute order to Doe #22 at the address provided in docket #35. However, the minute order itself shall not be restricted.