**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-01953-WYD-MEH

**MALIBU MEDIA, LLC**,
      Plaintiff,
v.

**BRIAN BATZ, TARA W. CAMERON, and JOHN DOES
1-1, 5,7, 9-11**, and **15-42**,
      Defendants.

---

**DEFENDANT CAMERON'S BRIEF ON
MATTERS OUTSIDE THE PLEADINGS**

---

**COMES NOW** Defendant Tara W. Cameron, by and through the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, Steven Janiszewski, and, pursuant to this Court's Order [Doc#: 105], submits her brief on whether the Court should consider the materials attached by Plaintiff to its Response [Doc#: 101] to her Motion To Dismiss Second Amended Complaint, Pursuant To F.R.C.P. 12(b)(6) [Doc#: 99] and whether her motion to dismiss should be converted to a motion for summary judgment.

**INTRODUCTION**

The Court has broad discretion in determining whether or not to accept materials beyond the pleadings. Here, it is not necessary, and it would be inappropriate to consider the extraneous material attached to plaintiff's Response in deciding Cameron's Motion To Dismiss and, therefore, Cameron's Motion To Dismiss should not be converted to one for summary judgment.

Parties cannot amend their pleadings through issues raised solely in their briefs, and such

facts are irrelevant for purposes of determining whether a plaintiff's complaint should be dismissed for failure to state a claim. Nonetheless, Malibu has attempted to amend its Second Amended Complaint with its Response, by providing amendatory statements of fact and extraneous materials that replace documents referred to, filed with, and incorporated by its Complaint, which are central to Malibu's claims. This Court should analyze Cameron's Motion To Dismiss under F.R.C.P. 12(b)(6) and give no consideration to amendatory factual statements in Malibu's Response or to the extraneous material attached to Malibu's Response.

### The Court's Discretion.

If matters outside the pleadings are presented to and not excluded by the court, in connection with the filing of a Rule 12(b)(6) motion, that motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir.1996). However, courts have broad discretion in determining whether or not to accept materials beyond the pleadings. *Lowe v. Town of Fairland,* 143 F. 3d 1378, 1381 (10th Cir. 1998). It is within this Court's discretion to exclude matters outside the pleadings and to determine Cameron's Motion To Dismiss pursuant to Rule 12(b)(6). The Court need not give any particular reason for excluding matters outside the pleadings. It must simply state that it will not consider them and, then, actually, not consider them. "Accordingly, we conclude that the district court did not abuse its discretion in failing to convert Defendants' Fed.R.Civ.P. 12(b)(6) motion into a motion for summary judgment." *Id.*, at 1381; *See*, also, *Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005).

### The Extraneous Materials Are Not Necessary
### To Resolution Of Cameron's Motion.

The materials Plaintiff attached to its Response are not necessary to resolution of

Defendant Cameron' motion and this Court need not consider them. Therefore, this Court is not required to convert Cameron's Motion To Dismiss into a summary judgment motion. *See*, *A.A. ex rel. Archuleta v. Martinez*, 2012 W.L. 5869158, p. 5 (D. Colo. 2012); *Whiteman v. El Paso Criminal Justice Center*, 2011 WL 2610202. p. 2 (D. Colo. 2011)(extraneous materials not considered as to claims sought to be dismissed pursuant to Rule 12(b)(6)); *Chimal v. Frank D. Sledge, Esq.*, 2007 WL 1247078, p. 1 (D. Colo. 2007)(not necessary to consider the Hessler Affidavit in deciding the issues raised in the motions to dismiss).

**Malibu Did Not Amend Its Complaint With Its Response.**

Pleadings may not be amended by brief. *Chambliss v. Coca-Cola Bottling Corp.*, 274 F.Supp. 401, 409 (E.D.Tenn.1967), affirmed, 414 F.2d 256 (1969), certiorari denied, 90 S.Ct. 921, 397 U.S. 916, 25 L.Ed.2d 97 (1970), rehearing denied 90 S.Ct. 1231, 397 U.S. 1018, 25 L.Ed.2d 433(1970). It is axiomatic that the complaint may not be amended by the brief in opposition to a motion to dismiss. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984). The sparse case law addressing the effect of factual allegations in briefs or memoranda of law suggests that such matters may never be considered when deciding a 12(b)(6) motion, and most certainly may not be considered when the facts they contain contradict those alleged in the complaint. *Hayes v. Whitman*, 264 F.2d 1017, 1025 (10th Cir. 2001). In response to Cameron's Motion To Dismiss, Malibu pursued a theory of copyright ownership different from the theory it presented in its Complaint and in its First and Second Amended Complaints. It pursued this different theory with different factual statements (in its brief) and with different documents, attached to its brief. Under *Hayes v. Whitman*, 264 F.2d, at 1025, such matters may not be considered when deciding Cameron's 12(b)(6) motion.

Malibu did not file an Third Amended Complaint with its Response to Cameron's Motion To Dismiss; nor did it indicate in its Response that it wishes to amend its Complaint again. The extraneous materials attached to Malibu's Response cannot replace documents referred to, filed with, and incorporated by its Complaint, which are central to Malibu's claim.  Therefore, it would be inappropriate for this Court to consider Plaintiff's extraneous materials in resolution of Cameron's Motion To Dismiss.

## CONCLUSION

For the reasons stated above, this Court should not consider the materials attached to Plaintiff's Response to Cameron's Motion To Dismiss, and this Court should not convert Cameron's Motion into a motion for summary judgment.

Dated:  February 11, 2012

                    Respectfully Submitted,

                    Riggs, Abney, Neal, Turpen, Orbison & Lewis

                    s/Steven Janiszewski
                    Steven Janiszewski
                    Bar Registration Number: 14634
                    7979 E. Tufts Avenue Parkway, Suite 1300
                    Denver, Colorado  80237
                    Telephone: (303) 298-7392
                    E-mail: sjaniszewski@riggsabney.com

**CERIFICATE OF SERVICE**

      I hereby certify that on February 11, 2013, I electronically filed the foregoing **DEFENDANT CAMERON'S BRIEF ON MATTERS OUTSIDE THE PLEADINGS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jason Kotzker
Jason@klgip.com

John Allan Arsenault
john.arsenault@frontrangelegalservices.com

s/ Steven Janiszewski
Steven Janiszewski