**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-01953-WYD-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

BRIAN BATZ, TARA W. CAMERON
and JOHN DOES 1-2, 5, 7, 9-11, and
15-42

      Defendants.
_____/

**PLAINTIFF'S SUPPLEMENTAL BRIEF ON WHETHER THE COURT SHOULD CONSIDER MATERIALS ATTACHED BY PLAINTIFF AND WHETHER DEFENDANT'S MOTION TO DISMISS SHOULD BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT [CM/ECF 105]**

**I.   INTRODUCTION**

Plaintiff respectfully submits the following brief on whether the Court should consider Plaintiff's exhibits in Plaintiff's Opposition to Defendant's Motion to Dismiss and convert Defendant's Motion to Dismiss to a motion for summary judgment.

In its Complaint, Plaintiff alleged it was the owner of the copyrights that are the subject of the suit and that certain John Doe Defendants infringed Plaintiff's copyrights. *See* Complaint CM/ECF 1. Plaintiff attached screen shots from the United States Copyright Office demonstrating that it is the owner of the registered copyrights in the suit. *See* CM/ECF 1-3. Upon learning the identity of the Defendant, Plaintiff amended its Complaint to include Defendant's name. *See* Amended Complaint CM/ECF 82. Defendant then moved to dismiss Plaintiff's Complaint, challenging the ownership of the copyrights because Plaintiff did not exist at the time the works were created. *See* Def's Motion CM/ECF 99. Plaintiff filed its Opposition

to Defendant's Motion to Dismiss, providing as exhibits, factual support of its ownership and explaining the harmless error in its registrations. *See* Plaintiff's Memorandum CM/ECF 101. Upon reviewing Defendant's Motion to Dismiss and Plaintiff's Opposition, this Court issued an Order requiring the parties to file supplemental briefing as to whether Plaintiff's exhibits should be considered and whether the Court should convert Defendant's Motion to Dismiss to a Motion for Summary Judgment under Fed. R. Civ. P. 12(d). *See* CM/ECF 105.

Plaintiff respectfully suggests that the Court should not consider its exhibits attached to its Opposition and deny Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) because Plaintiff's allegations in its Complaint that it is the owner of its copyrights is plausible. Defendant's Motion to Dismiss is improperly pled and should be brought as an affirmative defense, allowing the Court to consider the issue on summary judgment. However, should the Court choose to consider Plaintiff's exhibits at this time, it may do so at its discretion under Fed. R. Civ. P. 12(d). Plaintiff respectfully requests the Court find that it is the owner of its copyrights, as other courts have done examining the same issue on summary judgment.

## II. LEGAL ARGUMENT

In order to survive a motion to dismiss, a Plaintiff must show that the allegations pled are "plausible". "[T]he Court should review the complaint to determine whether it "contains enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Fed. R. Civ. P. 12(d) states that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Defendant attached the California Secretary of State public records to her Motion to Dismiss in order to demonstrate that Malibu Media existed after the date of creation for most, but not all, of the copyrighted works at issue. Defendant argues that the Court need not convert her motion to dismiss to a motion for summary judgment because the Court "may properly consider facts subject to judicial notice such as court files and matters of public record". *See* CM/ECF 99 citing *Vaninetti v. Western Pocahontas Properties,* No. 11-cv-02308-LTB-MBH, 2012 WL 4359302, at * 1 (D. Colo. Sept. 24, 2012). Defendant fails to note, however, that "these documents 'may only be considered to show their contents, not to prove the truth of matters asserted therein.'" *Shifrin v. Colorado*, No. 09-CV-03040-REB-MEH, 2010 WL 2943348 (D. Colo. July 22, 2010).

  A. <u>Defendant's Motion to Dismiss Regarding Invalid Copyrights Should Be Raised As An Affirmative Defense</u>

In her Motion to Dismiss, Defendant claims Plaintiff's copyright registrations "raise questions as to the plausibility of Plaintiffs assertions of ownership." Def's Mot. CM/ECF 99 at 4. Defendant's claims should be pled as an affirmative defense and not as a motion to dismiss. "The filing of an answer … allows both parties to make a record adequate to measure the applicability of such a defense, to the benefit of both the trial court and any reviewing tribunal." *Richards v. Mileski*, 662 F.2d 65, 73 (D.C. Cir. 1981). *See also Soren v. Equable Ascent Fin., LLC*, 2:12-CV-00038, 2012 WL 2317362 (D. Utah June 18, 2012) ("affirmative defense should not be raised by a motion concerned with the sufficiency of the complaint") citing *Zeligson v. Hartman-Blair, Inc.*, 135 F.2d 874, 876 (10th Cir. 1943). The issue of whether a copyright registration is valid is properly brought as an affirmative defense. *See Home Design Services, Inc. v. Trumble*, No. 09-CV-00964-WYD-CBS, 2011 WL 843900, *2 (D. Colo. Mar. 8, 2011).

Defendant's claims are improperly brought in a motion to dismiss because Plaintiff's well pled Amended Complaint alleging that it is the owner of the copyrights is plausible. This is true because the Tenth Circuit has stated, "[a] misstatement of an immaterial fact or a clerical error in an

3

application for registration will not invalidate the copyright." *Wilson v. Brennan*, 666 F. Supp. 2d 1242, 1251 (D.N.M. 2009) *aff'd*, 390 F. App'x 780 (10th Cir. 2010).

Indeed, four different Circuit Courts have found that when a copyright registration misstates how a plaintiff obtains ownership, that plaintiff is not stripped of its ownership. *See Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1156 (9th Cir. 2010) ("[E]ven if the films were works for hire, the district court was correct that Gasper simply made a 'mistake in listing himself as the author' on the copyright registration forms. That mistake does not constitute a basis to invalidate the copyright."); *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 591 (7th Cir. 2003) ("[C]ase law is overwhelming that inadvertent mistakes on registration certificates do not ... bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement."); *Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529, 1531 (11th Cir. 1994) (Holding a copyright was valid when it was improperly registered as a work for hire but instead conveyed through oral assignment later memorialized in writing); *Thomas Wilson & Co. v. Irving J. Dorfman Co.*, 433 F.2d 409, 412 (2d Cir. 1970) (Corporation's President was listed as author on copyrights instead of the Corporation, the Second Circuit held that the error was "minor, was made in good faith, and could not have affected the action taken by the Copyright Office").  The Eleventh Circuit expressly noted, "[c]opyright ownership and the effect of mistaken copyright registration are separate and distinct issues." *Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529, 1531 (11th Cir. 1994).  Plaintiff's claims of ownership are particularly plausible given that other courts have summarily judged the exact issue and found Plaintiff to be the valid owner. *See Malibu Media, LLC v. John Doe 1*, CIV.A. 12-2078, 2013 WL 30648 (E.D. Pa. Jan. 3, 2013).

Further, Defendant's allegations do not attack the sufficiency of the Amended Complaint but instead question facts outside the four corners of the Amended Complaint.  Simply because the facts Defendant seeks to call into question are in public records should not strip Plaintiff of its ability to

assert a defense. Instead, Defendant should bring such claims as an affirmative defense allowing the parties the opportunity to fully examine the matter and consider all relevant facts.

### B. The Court May Consider the Exhibits Under 12(d)

In the alternative, should the Court wish to address the issue at this time, under Fed. R. Civ. P. 12(d) it may. District Courts have discretion to accept evidence provided outside the pleadings and convert a motion to dismiss to a motion for summary judgment. *See Geras v. Int'l Bus. Machines Corp.*, 726 F. Supp. 2d 1292, 1295 (D. Colo. 2010) *aff'd,* 638 F.3d 1311 (10th Cir. 2011). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Id.* Here, should the Court wish to adjudicate the issue of whether Plaintiff is the valid owner of its copyrights, as did the Eastern District of Pennsylvania, the Court may do so at this time, considering the attached documents. Indeed, upon considering additional documents filed by Malibu Media raising the exact issue regarding the same copyrights, the Eastern District of Pennsylvania found that Plaintiff was the exclusive owner and had standing to sue for copyright infringement.

> Even if Defendants themselves had standing to contest the validity of the Assignment—which it appears they do not, given the lack of disagreement regarding the Assignment among the original parties—the background context of Malibu's formation, the Affidavit of Colette Field, the text of the Written Assignment from September 13, 2012, and the text of the Clarification Agreement from December 5, 2012, all demonstrate that Brigham Field intended to transfer and did transfer complete and exclusive rights in his copyrighted works to Malibu when the company was formed on February 8, 2011. Malibu was the "exclusive" owner of the Brigham Field copyrights as of that time, and it has standing to sue for infringement of those works presently.

*Malibu Media, LLC v. John Doe 1*, CIV.A. 12-2078, 2013 WL 30648 (E.D. Pa. Jan. 3, 2013).

### III. CONCLUSION

For the foregoing reasons Plaintiff respectfully requests the Court find that Plaintiff's allegations that it owns its copyrights is plausible and deny Defendant's Motion to Dismiss without considering the additional materials submitted in Plaintiff's response. In the alternative, Plaintiff respectfully requests that if the Court chooses to consider the materials submitted, it find on summary judgment that Plaintiff is the owner of its copyrights.

Dated: February 11, 2013

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker, Esq.
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/*Jason Kotzker*