IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01953-WYD-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

BRIAN BATZ,
TARA W. CAMERON, and
JOHN DOES 1-2, 5, 7, 9-11, 15-38, and 40-42,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Plaintiff's Motion to Strike Defendant Brian Batz's Defenses [CM/ECF 100] [filed January 25, 2013; docket #102].  In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the Motion is referred to this Court for recommendation.  (Docket #104.)  Though given an opportunity within which to do so, Defendant Batz did not file a response.  Upon review of the Motion, the Court determines that oral argument would not materially assist in its adjudication of this matter.  For the reasons described below, the Court RECOMMENDS Plaintiff's Motion be **granted in part and denied in part** as stated herein.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the

## BACKGROUND

Plaintiff initiated this action on July 27, 2012, alleging that various Doe Defendants, identified only by their Internet Protocol ("IP") addresses, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films. In an effort to identify the alleged infringers, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") prior to the Rule 26(f) conference. (Docket #5.) The Court determined that Plaintiff had shown good cause for limited expedited discovery, and granted Plaintiff's motion in part. (Docket #8.) In particular, the Court authorized Plaintiff to serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs for the limited purpose of ascertaining the identities of the Doe Defendants as identified by the forty-two (42) IP addresses listed in Docket #5-4. The Court directed that the subpoenas be limited to providing Plaintiff with the true name, address, telephone number, email address, and Media Access Control address of the Defendant to whom the ISP had assigned an IP address. With each subpoena, the Court directed Plaintiff serve a copy of its order. Finally, the Court emphasized that Plaintiff could only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautioned Plaintiff that improper use of this information could result in sanctions.

In accordance with the Court's order, Plaintiff served Rule 45 subpoenas on the various ISPs

---

failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

and obtained the identities of several Doe Defendants, including Defendant Brian Batz (hereinafter "Mr. Batz"). Thereafter, Plaintiff filed an Amended Complaint on October 17, 2012, naming Mr. Batz as a Defendant. (Docket #38.) With the Court's permission, Plaintiff filed its Second Amended Complaint on November 20, 2012, identifying Tara W. Cameron as an additional Defendant. (Dockets ##79, 82.)

Mr. Batz filed his Answer to the Second Amended Complaint on February 4, 2013, asserting ten (10) defenses and a single counterclaim. (Docket #100) Contemporaneously with a motion to dismiss Mr. Batz's counterclaim, Plaintiff filed the pending Motion to Strike Mr. Batz's Defenses. (Dockets ##102, 103.) As noted above, Mr. Batz has not filed a response.

## LEGAL STANDARD

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-WDM-BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)). Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. 5C Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1380 (3d ed. 2011). Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt*, No. 09-cv-00704-CMA-KMT, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed

under any circumstance." *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995). Some courts have expanded this pleading standard based on notice to reflect the plausibility standard applied to pleading a claim for relief, which is what Plaintiff asks this Court to do. The *Twombly/Iqbal* plausibility pleading standard has not been extended to affirmative defenses in this Circuit, and the Court declines to do so here. The standard articulated in *Unger* continues to be the appropriate standard. For the reasons stated herein, the Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A) and if the movant fails to demonstrate that the defense cannot succeed under any circumstance.

## ANALYSIS

In its Motion to Strike, Plaintiff seeks an order striking all but one of Mr. Batz's defenses. Plaintiff contends Mr. Batz's defenses are insufficient as a matter of law because they cannot succeed under any circumstance. With the foregoing legal principles in mind, the Court will consider each of the challenged defenses in turn.

## I.      First Defense: Failure to State a Claim

Mr. Batz's first defense asserts that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Rather than disputing the merits of Plaintiff's claim, Mr. Batz appears to focus on Plaintiff's ability to recover damages. Citing 17 U.S.C. § 504(c)(1), Mr. Batz alleges that Plaintiff has been fully compensated for its damages through settlements negotiated with other Doe Defendants who allegedly participated in the same BitTorrent "swarm" as Mr. Batz. Thus, Mr. Batz argues that Plaintiff is foreclosed from recovering additional statutory damages in this case.

In its Motion, Plaintiff notes that it has never, in any civil action, been awarded statutory

damages.  It certainly has not been awarded any damages in this case.  The Court finds this fact significant because 17 U.S.C. § 504(c)(1) provides that the copyright owner "may elect, at any time before final judgment is entered, to recover, instead of actual damages, an award of statutory damages for all infringements involved in the action . . ."  Mr. Batz's argument that Plaintiff's alleged settlements with other defendants precludes recovery of statutory damages severely misreads the statute.  Because Plaintiff has not received any award for actual damages in this action, 17 U.S.C. § 504(c)(1) does not bar Plaintiff from pursuing its claim for statutory damages.  Thus, Mr. Batz's First Defense cannot succeed under any circumstance.

Furthermore, as this Court observed in *Michaud v. Greenberg & Sada, P.C.*, No. 11-cv-01015-RPM-MEH, 2011 WL 288592 (D. Colo. July 18, 2011), the defense of "failure to state a claim" need not be pled.  Where, as in this case, the defendant does not articulate a need for the defense in light of its ability to dispute the sufficiency of a claim by motion under  Fed. R. Civ. P. 12(b)(6), the defense is justifiably stricken.  *Id*. at *4.  The Court reiterates that striking the defense does not preclude Mr. Batz from filing such a motion in this case.  *See id*.

## II.    Third Defense: Failure to Mitigate Damages

Mr. Batz's Third Defense contends that Plaintiff has made no attempt to mitigate any actual or perceived damages.  Plaintiff responds that failure to mitigate is not a valid defense in copyright actions in which a plaintiff seeks only statutory damages.  Because Plaintiff has yet to make an election of damages in this case, Plaintiff argues the Third Defense should be stricken "if and when Plaintiff should elect statutory damages as a remedy."  (Docket #102 at 4.)

The Court agrees that a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense.  *See Moothart v. Bell*, 21 F.3d 1499, 1506-07 (10th Cir.

1994) (finding that mitigation of damages did not apply to statutory penalty); *see also Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 422 (D.N.J. 2005) (mitigation of damages defense not appropriate in copyright infringement case where plaintiffs sought only statutory damages). However, Plaintiff has not yet elected to limit its damages in this way. Thus, striking Mr. Batz's Third Defense would be premature. The Court recommends the District Court decline to do so unless and until Plaintiff elects to forgo its pursuit of actual damages.

## III.    Fourth Defense: Innocent Infringement

Mr. Batz's Fourth Defense "requests that the Court waive or eliminate damages because Defendant constitutes an innocent infringer under the law because his accessing of any content would not have been willful and instead in good-faith [sic]." (Docket #100 at ¶ 72.)

The "innocent infringer" defense apparently arises from statutory language found in 17 U.S.C. § 504(c)(2):

> In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.

As noted above, Plaintiff has not yet made an election of damages. Because § 504(c)(2), by its very language, applies only upon an election of statutory damages, striking the defense in its entirety is unwarranted at this stage in the litigation. However, because § 504(c)(2) forms the basis of the defense, it must be stated in accordance with that statute. The Court finds that it cannot strike the offending language without rendering the entire defense ineffective. Accordingly, the Court has no alternative but to recommend granting in part and denying in part Plaintiff's Motion by striking the fourth affirmative defense as stated, and permitting the Defendant to amend the defense in

6

accordance with 17 U.S.C. § 504(c)(2).[2]

**IV.     Fifth Defense: Barring of Statutory Damages and Attorney's Fees**

Mr. Batz's Fifth Defense is titled, "Barring of Statutory Damages and Attorneys Fees," but challenges only an award of statutory damages.  In essence, Mr. Batz asserts that Plaintiff's claim for statutory damages is barred by the Due Process Clause of the U.S. Constitution as excessive. Plaintiff argues that the defense is premature since there has been no award of statutory damages, and improper since courts have rejected due process challenges to the imposition of statutory damages under the Copyright Act.

The Court finds that the defense is not properly asserted as an "affirmative defense," which is defined as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true."  Black's Law Dictionary (9th ed. 2009).  While Defendant characterizes the defense as barring the Plaintiff's "claim" for statutory damages, Plaintiff's claim is actually for direct copyright infringement, the success of which may result in an "award" of damages.  Proof of statutory damages is not an element of a copyright infringement claim.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).  Nor may this defense be construed as simply a denial of the elements of Plaintiff's claim.

Thus, because the defense, as stated, "cannot succeed" in defeating any portion of the

---

[2]The Court notes that it is questionable as to whether this defense is actually an "affirmative defense" which, if true, will defeat the plaintiff's claim even if all allegations in the complaint are true.  However, this defense may be construed as merely a denial of Plaintiff's claim and need not be stricken if the Plaintiff is not prejudiced by it.  *See Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2011 WL 843900, at *3 (D. Colo. Mar. 8, 2011) (citing *Lifeblood Biomedical, Inc., Opt-in Trust v. Mann (In re Sender)*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006).

Plaintiff's claim for direct infringement, the Court recommends that the District Court strike the Fifth Defense.

## V.       Sixth Defense: Failure to Join an Indispensable Party

Mr. Batz asserts in his Sixth Defense that he did not engage in any of the downloading or infringement alleged in the Complaint and that Plaintiff has failed to join the indispensable party(ies) who engaged in the alleged infringement.  Plaintiff argues that the defense must be stricken because the joint tortfeasors in this action are not indispensable parties pursuant to Fed. R. Civ. P. 19(a)(1). Mr. Batz has not responded to this argument.

To the extent that Mr. Batz contends he did not engage in the downloading, he has asserted a denial rather than a defense. However, Mr. Batz's further representation that other alleged infringers have not, and must, be joined in this lawsuit is debunked by well-settled interpretations of Rule 19(a).  *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.").  The same holds true in actions where the alleged copyright infringement occurred using the peer-to-peer filing sharing service at issue in this lawsuit.  *See Malibu Media, LLC v. John Does 1, 5, 13, 14, and 16*, No. 12-2078, 2013 WL 30648, at *10 (E.D. Pa. Jan. 3, 2013) (citing *Temple*, 498 U.S. at 6). Because Mr. Batz's Rule 19(a) defense cannot succeed under any circumstance with respect to the litigation at hand, the Court recommends that the District Court strike Mr. Batz's Sixth Defense.

## VI.      Seventh Defense: License, Consent, and Acquiescence

Mr. Batz's Seventh Defense alleges that "Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to [Mr. Batz] because Plaintiff authorized use via BitTorrent." (Docket #100 at ¶ 76.)  Plaintiff contends there is no factual basis for the implied license defense.

8

The Court agrees.

As a defense to copyright infringement, a defendant may assert an implied license "only in narrow circumstances where one party created a work at the other's request and handed it over, intending that [the other] copy and distribute it." *Coach Inc. v. Kmart Corp.*, 756 F. Supp. 2d 421, 427 (quoting *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharm., Inc.*, 211 F.3d 21, 25 (2d Cir. 2000)).  The District of Columbia Circuit has articulated the three-part test as follows: "an implied license will arise where (1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes the particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." *Atkins v. Fischer*, 331 F.3d 988, 991-92 (D.C. Cir. 2003) (citations and internal quotations omitted).  Where the pleadings lack any factual support for the implied license defense, the defense is properly stricken.  *See Coach, Inc.*, 756 F. Supp. 2d at 427.

Mr. Batz's Answer and Counterclaim foreclose the possibility of an implied license defense. In pursuit of his counterclaim, Mr. Batz asserts that "he has never downloaded a pornographic film through the internet or through the BitTorrent Network;" that "he has never authorized any other persons, entities, or individuals to use his computer, router, or modem to download a pornographic film;" and that he "has never used BitTorrent, nor owned a computer that was connected to BitTorrent from his residence at the time of the alleged infringing activity."  (Docket #100 at 11, 16.)  On these facts, Mr. Batz cannot demonstrate that he requested Plaintiff's work via BitTorrent, that Plaintiff delivered the work, and that Plaintiff intended Mr. Batz to distribute it.

With respect to acquiescence and consent, Plaintiff provides no argument.  Though the Court is skeptical, based on its own research, about the viability of these defenses in light of Mr. Batz's

other allegations, Plaintiff has not explained why they should be stricken.  Therefore, the Court recommends granting in part and denying in party Plaintiff's request to strike Mr. Batz's Seventh Defense by striking the implied license portion and leaving the remaining allegations of acquiesce and consent.

## VII.   Eighth Defense: Unclean Hands

In his Eighth Defense, Mr. Batz asserts that "Plaintiff's claims are barred by the doctrine of unclean hands."  Plaintiff contends that this allegation is insufficiently pled and should, therefore, be stricken.

In copyright actions, the doctrine of unclean hands is only applied "where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'" *Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 602 F.2d 852, 863 (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)).  Where asserted, unclean hands "must be pled with the specific elements required to establish the defense." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 3522409, at *3 (D. Colo. Aug. 11, 2010) (citing *MPC Containment Sys., Ltd. v. Moreland*, No. 05 C 6973, 2008 WL 1775501, at *5 (N.D. Ill. April 17, 2008)).  These elements include a showing that the party seeking equitable relief is "(1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and [4] affects the balance of equities between the litigants." *Id.* (citing *In re New Valley Corp.*, 181 F.3d 517, 523 (3d Cir. 1999)). Because the alleged inequitable conduct "must be connected. . .to the matters before the court for resolution," a court should "not refuse relief to a party merely because it has engaged in misconduct which is unrelated to the claims before the court." *New Valley Corp.*, 181 F.3d at 525.

10

Mr. Batz's Eighth Defense asserts neither facts nor allegations that would support a finding of unclean hands in this case. Though Mr. Batz challenges Plaintiff's general settlement practices, Mr. Batz fails to identify inequitable conduct which is connected or related to the matters before the Court in this action. Therefore, the Court recommends the District Court grant Plaintiff's Motion to strike Mr. Batz's Eighth Defense.

## VIII.   Ninth Defense: Injunctive Relief

Mr. Batz's Ninth Defense contends that "Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable." (Docket #100 at ¶ 78.) Though Plaintiff argues that this defense cannot succeed in defeating any portion of the Plaintiff's claim for direct or contributory infringement, Plaintiff provides no support or authority for this proposition.

The Supreme Court has made clear that an injunction is unavailable "absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again–'a likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (citing *O'Shea v. Littleton*, 424 U.S. 588, 502 (1974)). In the copyright context, it is not a foregone conclusion that past infringement will continue in the future. *See Schmidt v. Holy Cross Cemetery, Inc.*, 840 F. Supp. 829, 836 (D. Kan. 1993). As one court in this circuit has observed, "[a] permanent injunction will not ordinarily lie absent a showing of the threat of continuing additional infringement." *Id*.

Plaintiff's Second Amended Complaint seeks, among other forms of relief, (1) a permanent injunction prohibiting Defendants from further infringing on its works; and (2) a court order requiring Defendants to remove Plaintiff's works and the corresponding BitTorrent files from their computers. (Docket #82 at 12.) As noted above, Plaintiff is not entitled to such relief unless it

11

demonstrates a likelihood of immediate and irreparable injury caused by continued infringement. In other portions of Mr. Batz's Answer and Counterclaim, Mr. Batz asserts that he does not use BitTorrent and has not downloaded any pornography onto his computers. These statement, if true, undermine the threat Plaintiff must demonstrate in order to obtain injunctive relief. Thus, the Court disagrees with Plaintiff's conclusory assertion that the Ninth Defense cannot succeed under any circumstances. The Court recommends Plaintiff's request to strike the Ninth Defense be denied.

IX.     **Tenth Defense: Improper Joinder**

In his Tenth Defense, Mr. Batz asserts that Plaintiff improperly joined the Defendants in this lawsuit pursuant to Fed. R. Civ. P. 20(a)(2). Plaintiff correctly notes this is not a proper defense. As set forth in the plain language of Fed. R. Civ. P. 21, "misjoinder of parties is not a ground for dismissing an action." Therefore, the Court recommends that the Tenth Defense be stricken.

<u>**CONCLUSION**</u>

As described above, the Court finds that Mr. Batz's First, Fifth, Sixth and Eighth Defenses cannot succeed under any circumstance and should be stricken. On the other hand, Plaintiff has failed to demonstrate that Mr. Batz's Third and Ninth Defenses should be stricken or that his Fourth and Seventh Defenses should be stricken altogether. Accordingly, the Court respectfully recommends that Plaintiff's Motion to Strike Defendant Brian Batz's Defenses [CM/ECF 100] [filed January 25, 2013; docket #102] be **granted in part and denied in part** as set forth herein.

Entered and dated at Denver, Colorado, this 5th day of April, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty

United States Magistrate Judge