IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01953-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

BRIAN BATZ, and
JOHN DOES 1-2, 5, 7, 9-11, 15-38, and 40-42,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Dismiss Defendant/Counter-Plaintiff's Counterclaim [CM/ECF 100] [filed January 25, 2013; docket #103]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the Motion is referred to this Court for recommendation. (Docket #145.) Though given an opportunity to do so, Defendant Batz did not file a response. Upon review of the Motion, the Court determines that oral argument would not materially assist in its adjudication of this matter. For the reasons described below, the Court RECOMMENDS Plaintiff's Motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen

**I.      Background**

Plaintiff initiated this action on July 27, 2012, alleging that various Doe Defendants, identified only by their Internet Protocol ("IP") addresses, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films. In an effort to identify the alleged infringers, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") prior to the Rule 26(f) conference. (Docket #5.) The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. (Docket #8.) In particular, the Court authorized Plaintiff to serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs for the limited purpose of ascertaining the identities of the Doe Defendants as identified by the forty-two (42) IP addresses listed in Docket #5-4. The Court directed that the subpoenas be limited to providing Plaintiff with the true name, address, telephone number, email address, and Media Access Control address of the Defendant to whom the ISP had assigned an IP address. With each subpoena, the Court directed Plaintiff serve a copy of its order. Finally, the Court emphasized that Plaintiff could only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautioned Plaintiff that improper use of this information could result in sanctions.

In accordance with the Court's order, Plaintiff served Rule 45 subpoenas on the various ISPs and obtained the identities of several Doe Defendants, including Defendant Brian Batz (hereinafter

---

(14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

"Mr. Batz"). Thereafter, Plaintiff filed an Amended Complaint on October 17, 2012, naming Mr. Batz as a Defendant. (Docket #38.) With the Court's permission, Plaintiff filed its Second Amended Complaint on November 20, 2012, identifying Tara W. Cameron as an additional Defendant. (Dockets ##79, 82.)

Mr. Batz filed his Answer to the Second Amended Complaint on February 4, 2013, asserting ten (10) defenses and a single counterclaim. (Docket #100.) Mr. Batz's counterclaim seeks only a "a declaration of no infringement of copyright." (*Id*. at 17.) In support of this request, Mr. Batz alleges, *inter alia*, that he does not download pornographic films through the internet, he does not and has never used a BitTorrent network, and he is not aware of any person using his computer, router, or modem to download such films.

Contemporaneously with a motion to strike Mr. Batz's defenses, Plaintiff filed the pending Motion to Dismiss. (Dockets ##102, 103.) As noted above, Mr. Batz has not filed a response.

**II.     Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. The Court

need not agree with legal conclusions couched as factual allegations nor with conclusory factual allegations devoid of any reference to actual events. *Id.* at 678. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

### III.     Analysis

"The Declaratory Judgment Act states in pertinent part that, '[i]n a case of actual controversy within its jurisdiction ..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008) (citing 28 U.S.C. § 2201(a)). "[A] declaratory judgment plaintiff must present the court with a suit based on an 'actual controversy,' a requirement the Supreme Court has repeatedly equated to the Constitution's case-or-controversy requirement." *Id.* (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937)). That is, "a declaratory judgment suit must be 'definite and concrete, touching the legal relations of parties having adverse legal interests,'" and

must be 'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* at 1244 (quoting *MedImmune v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). "Put differently, 'the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.*

In its Motion, Plaintiff contends that Defendant's counterclaim is duplicative of his defense to the copyright infringement claim and, thus, is redundant and unnecessary. For issues that are the same as, or similar to, those raised in the present motion, courts in other jurisdictions have concluded essentially that a counterclaim is neither duplicative nor redundant if it asserts an independent case or controversy that survives dismissal of the plaintiff's claim. *See Marvel Worldwide, Inc. v. Kirby*, 756 F. Supp. 2d 461, 467 (S.D.N.Y. 2010); *see also Arista Records LLC v. USENET.COM*, No. 07 civ.8822(HB), 2008 WL 4974823, at *5 (S.D.N.Y. Nov. 24, 2008); *Interscope Records v. Kimmel*, No. 3:07-cv-0108, 2007 WL 1756383, at *3-*4 (N.D.N.Y. June 18, 2007). Other courts have come to the same conclusion without necessarily analyzing the "case-or-controversy" requirement. *See Malibu Media, LLC v. Doe 1*, No. DKC 12-1198, 2012 WL 6681990, at *3 (D. Md. Dec. 21, 2012) (because there was no substantive distinction between the defenses and counterclaims, counterclaims were dismissed); *see also Interscope Records v. Duty*, No. 05CV3744-PHX-FJM, 2006 WL 988086, at *3 (D. Ariz. Apr. 14, 2006) (where counterclaim for declaratory judgment simply alleged that defendant did not commit copyright infringement, the counterclaim was redundant and unnecessary); *United States v. Zanfei*, 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005) (where counterclaim is essentially identical to the complaint except that it seeks the opposite effect,

the counterclaim is unnecessary and improper).

Upon review of the counterclaim, it is clear that Mr. Batz seeks only the following relief:

a. A judgment in favor of Defendant denying Plaintiff's requested relief and dismissal of Plaintiff's Complaint with prejudice by this court;
b. A judgment in favor of Defendant and against Malibu Media, L.L.C. on Defendant's Counterclaim(s);
c. That Defendant be awarded reasonable attorneys' fees, sanctions, costs, and other such awards that are available according to federal statute and state laws;
d. That Plaintiff be held liable for punitive and exemplary damages awarded to the maximum extent available under law; and
e. That the Court award such other action that is just, proper and equitable in this instance.

(Docket #100 at 18.) Defendant seeks no relief in his counterclaim other than that which would have the opposite effect of the relief sought in the Complaint. As such, his counterclaim is redundant and unnecessary.

To the extent that Mr. Batz may rely on the information and allegations supplied in the "Introduction" to his counterclaim, the Court finds that many of the allegations are merely conclusory and insufficient to meet *Iqbal*'s requirements. For example, the first sentence of the Introduction states: "This misguided lawsuit is one of several hundred lawsuits filed by [Plaintiff] around the United States over the past year to profit purely from filing copyright infringement claims and exacting settlements as a business model." (Docket #100 at 11.) The Introduction continues for more than three pages containing both factual and conclusory allegations. Nevertheless, Mr. Batz fails to make any affirmative claims based upon the information provided in the Introduction, and pursuant to Fed. R. Civ. P. 8, neither the Plaintiff nor the Court need be required to "guess" from

such information which claims, if any, Defendant intended to make.[2]

**IV.     Conclusion**

As described above, the counterclaim at issue here fails to assert an independent case or controversy that would survive dismissal of the Plaintiff's claim.  Therefore, the Court concludes that Mr. Batz's counterclaim, as stated, is duplicative of his defenses asserted in the Answer and, thus, redundant and unnecessary.  Accordingly, this Court respectfully recommends that the District Court **grant** Plaintiff's Motion to Dismiss Defendant/Counter-Plaintiff's Counterclaim [CM/ECF 100] [filed January 25, 2013; docket #103].

Entered and dated at Denver, Colorado, this 17th day of May, 2013.

BY THE COURT:

*/s/ Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2]The Court notes that it would not be proper in this case to construe the pleading liberally, as required by the Tenth Circuit in cases involving pleadings drafted by a *pro se* party.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).