IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01953-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-2, 5, 7, 9-11, 15-38, and 40-42,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is a Motion to Dismiss Plaintiff's Complaint for Lack of Standing [filed February 11, 2013; docket #107] filed by Defendant Doe 22 ("Doe 22"). The Motion is referred to this Court for recommendation. (Docket #104.) Plaintiff filed a Memorandum in Opposition to Motion to Dismiss Plaintiff's Complaint for Lack of Standing ("Plaintiff's Response") on March 4, 2013. (Docket #114.) Though given an opportunity within which to do so, Doe 22 did not file a reply. Upon review of the Motion, the Court determines that oral argument would not materially assist in its adjudication of this matter. For the reasons described below, the Court RECOMMENDS Doe 22's Motion be **denied** as stated herein.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party

**BACKGROUND**

Plaintiff initiated this action on July 27, 2012, alleging that various John Doe Defendants, identified only by their Internet Protocol ("IP") addresses, infringed on Plaintiff's copyrighted Works[2] by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films. Doe 22 has filed a Motion to Dismiss for lack of standing pursuant to Fed. R. Civ. P.12(b)(1). In particular, Doe 22 challenges the validity of the Plaintiff's copyrights based upon alleged errors in the original registration documents filed with the Copyright Office.

**I. Facts**

The following are factual allegations presented by Plaintiff with its Response to the Motion to Dismiss. Because the Motion to Dismiss challenges facts upon which subject matter is based, the Court has wide discretion to consider affidavits and other documents to resolve disputed jurisdictional facts under Fed. R. Civ. P. 12(b)(1). *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). In the absence of a Rule 12(b)(6) attack, the Court will limits its discussion of the facts to those affecting jurisdiction.

Brigham Field ("Mr. Field") and his wife, Colette Pelissier Field ("Ms. Field") (collectively "the Fields") decided to start a partnership to produce erotic videos after the

---

from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

[2] The "Works" refer to the copyrighted films identified in Exhibit B to Plaintiff's Complaint. (Docket #1.)

2

economic downturn in the real estate industry. (Exhibit A, Docket # 114-1 at ¶¶5,10.) They hoped to create adult content that was "beautiful and acceptable for women and couples." (*Id*. at ¶ 7.) Mr. Field, with experience as a photographer, authored, *inter alia*, the Works at issue in this lawsuit. (Exhibit C, Docket # 144-5.) On February 8, 2011, the Fields formed Malibu Media, LLC ("Malibu Media" or "Plaintiff"), and transferred the copyrights in the Works upon its formation. (Exhibit A, Docket #114-1 at ¶12.) The Fields intended to transfer every right to Malibu Media; however basic registration documents filed with the Copyright Office contained an error. (*Id*. at ¶¶12, 15.) Particular documents reflected that each video by Mr. Field was a "work for hire" for Malibu Media. (*Id*. at ¶15.) In fact, the Works were not works for hire, but rather works authored by Mr. Field and assigned to Malibu Media. (*Id*.) Subsequently, Malibu Media filed a "Form CA" with the Copyright Office on September 13, 2012. (*Id*. at ¶16.) In the Form CA, Malibu Media corrected the mistake to allow the documents to reflect the Works as authored by Mr. Field and assigned to Malibu Media. (*Id*. at ¶15.)

**II.     Procedural History**

Malibu Media initiated this action on July 27, 2012, alleging that various John Doe Defendants infringed on their copyrighted Works. (Docket #1.) Plaintiff filed its Second Amended Complaint on November 20, 2012, asserting the same claims. (Docket #82.) Doe 22 filed the pending Motion to Dismiss on February 11, 2013. (Docket #107.) In addition to dismissal, Doe 22 asks the Court to mail a copy of the order to each current defendant. More broadly, Doe 22 seeks dismissal of all copyright actions brought by Plaintiff in this district, and an award of fees and costs pursuant to the Copyright Act §505, 17 U.S.C.A. §505 (2006). (Docket # 107.) Plaintiff filed its Response on March 4, 2013. (Docket # 114.) Though given an opportunity within which to do so, Doe 22 did not file a reply.

## LEGAL STANDARD

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a Plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *See Holt*, 46 F.3d at 1003.

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to Rule 56 motion.

*Id.* at 1002-03 (citation omitted). As noted above, the present Motion to Dismiss challenges the facts upon which subject matter jurisdiction depends.

## ANALYSIS

In the Motion to Dismiss, Doe 22 seeks dismissal of this action based upon the Court's alleged lack of subject matter jurisdiction. In particular, Doe 22 contends that Malibu Media lacks standing. A recent Tenth Circuit case has found that "a dismissal for lack of standing can be at least colorably characterized as a dismissal for lack of subject matter jurisdiction." *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1225 (10th Cir. 2012) (analyzing whether the court has jurisdiction to consider an appeal from the trial courts remand order based upon a lack of subject matter jurisdiction for the Plaintiff's lack of standing).

The party asserting the existence of subject matter jurisdiction bears the burden of proving such jurisdiction exists, including the burden of demonstrating adequate standing. *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000). Thus, standing requires a Plaintiff to allege, and ultimately prove that (1) he has suffered a concrete injury in fact; (2) a fairly traceable connection between the alleged injury in fact and the alleged conduct of the Doe 22; and (3) the Plaintiff's injury likely will be remedied by the relief requested. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273-74 (2008).

The Copyright Act confers standing to sue for copyright infringement on two types of claimants: (1) owners of the copyrights; and (2) those who have been granted exclusive licenses by the owners of the copyrights. *See Swarovski America Ltd. v. Silver Deer Ltd.*, 537 F. Supp. 1201, 1205 (D.Colo. 1982); *see also Viesti Associates, Inc. v. Pearson Education, Inc.*, No.

12-cv-01431, 2013 WL 1229534, at *2 (D. Colo. March 26, 2013). Each type of claimant has standing to bring suit for copyright infringement because each suffers injury-in-fact upon said infringement. Courts in this district have broadened the test for standing to include "parties with a legally recognized interest in copyright as delineated by §106" and "parties who stand to benefit from the legal dissemination of copyrighted material. . ." *Righthaven LLC v. Wolf*, 813 F. Supp. 2d 1265, 1271-72 (D. Colo. 2011).

Doe 22 raises three arguments in support of his Motion to Dismiss for Lack of Standing: (1) Malibu Media does not own the Works in the Complaint; (2) Malibu Media does not have exclusive rights to the Works; and (3) Malibu Media does not possess the right to sue for past infringements of the now-owned Works. (Docket #107.) Plaintiff's Response addresses each allegation above and argues affirmatively that Doe 22 lacks standing to challenge the assignment of the copyrights from Mr. Field to Malibu Media. (Docket #114.) This court will address each argument in turn.

## I. Ownership of Copyright and Works

Ownership of copyrights can be established through the assignment itself or intent to transfer ownership. *Van Cleff & Arpels, Inc. v. Schechter*, 308 F. Supp. 674, 678 (S.D.N.Y. 1969). "The case law is overwhelming that inadvertent mistakes in registration certifications do not invalidate a copyright and thus do not bar infringement actions." *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997). As an alternative to the assignment, ownership can be established through intent. *Van Cleff & Arpels, Inc. v. Schechter*, 308 F. Supp. at 678. A lack of disagreement among original parties to the transfer demonstrates intent to transfer ownership of copyrights. *Malibu Media v. John Doe 1,* No. 12-2078, 2013 WL 30648, at * 8 (E.D. Pa. Jan. 3, 2013).

Doe 22 argues that Malibu Media does not own the copyrights or the Works because it was established after the Works were created and the assignment only transferred registration of the Works. Malibu Media responds that it does own the copyrights because of the assignment, corrected by the Form CA, and the intent of Mr. Field to transfer ownership.

District courts in both the Eastern District of Pennsylvania and the Eastern District of Michigan have found that, although the original assignment reflected works for hire, Malibu Media has standing to bring suit for copyright infringement because the registration was corrected through the Form CA filed with the Copyright Office on September 13, 2012. *Malibu Media v. John Does 1-13*, No. 12-cv-12586 (E.D. Mich. Feb. 22, 2013) (Exhibit B, Docket # 144-4, 8-9); *Malibu Media*, 2013 WL 30648 at *1. In addition, the September 13, 2012 assignment confirms "Mr. Field's prior intent to transfer his copyright interests in the work." *Malibu Media v. John Does 1-13*, No. 12-cv-12586 (Exhibit B, Docket # 144-4 at 8.) For these reasons, the Court finds Malibu Media owns copyrights to the Works for purposes of standing under Article III.

## II.     Exclusive Right

Exclusive rights are established through the transfer of the assignment of the copyrights. *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1145 (9th Cir. 2008). When more than one individual owns the copyright, exclusive rights may only be transferred if all copyright owners transfer those rights. *Id.* at 1146. However, if there is one sole owner of the copyrights, then the assignee "would have standing as the exclusive licensee to sue." *Id.* Additionally, there is no wording requirement for the assignment in order to transfer exclusive rights. *Corbello v. DeVito*, 832 F. Supp. 2d 1231, 1245 (D. Nev. 2011); *see also Radio Television Espanola S.A. v. New World Entm't, Ltd.*, 183 F.3d 922, 927 (9th Cir. 1999). However, "works for hire" do not transfer exclusive ownership, only works assigned. *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586

(7th Cir. 2003).

Doe 22 alleges that Malibu Media is not an owner of exclusive rights, and thus not allowed to bring suit for copyright infringement. Similarly, Doe 22 asserts that the original assignment was for "works for hire" and the word "exclusive" is not used. Malibu Media responds that the rights transferred to it by Mr. Field were exclusive.

Mr. Field is the sole owner of the copyrights and therefore can transfer the exclusive right to Malibu Media as he intended upon formation of the company. (*See* Exhibit C, Docket #144-5). Though there is no indication in the original registration documents that Mr. Field owned full interest in the Works, the Clarification of Assignment Agreement makes it clear that Mr. Field, as the author of the Works, was the sole owner of the copyrights. *Id.* In addition, the assignment has been corrected in the Copyright Office to no longer reflect "works for hire", but rather works authored by Mr. Field and assigned to Malibu Media. (Exhibit A, Docket #144-1 at ¶ 15.) "The error in the copyright registrations, however, is not determinative of Malibu Media's ability to file this lawsuit." *Malibu Media v. John Does 1-13*, No. 12-cv-12586 (Exhibit B, Docket # 144-4 at 8.) Mr. Field was the sole owner of the rights and was therefore able to transfer exclusive rights to Malibu Media, which was done through the registration, now corrected to reflect assigned rights. Therefore, the Court finds that Malibu Media owns exclusive rights to the Works.

### III.   Right to Sue for Past Infringement

If the transferor does not expressly assign the right to sue for past infringements, then that right is retained by the initial copyright owner. *ABKCO Music Inc. v. Harrisongs Music, Ltd.* 944 F.2d 971, 980 (2d Cir. 1991). However, so long as the right to sue is not being transferred to "cure deficient standing," a supplemental assignment may include the right to sue for past infringement. *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998).

In addition to arguing that Malibu Media neither owns the copyrights nor the exclusive rights to the Works, Doe 22 also contends that the rights transferred to Malibu Media do not include the right to sue for past infringements of now-owned Works. Malibu Media counters that the right to sue for past infringements is irrelevant because the Doe 22 infringed the work after Malibu Media obtained ownership and there was intent to assign all rights.

As both the Eastern District of Pennsylvania and the Eastern District of Michigan have held, Malibu Media has standing to sue for past infringements. *Malibu Media v. John Does 1-13*, No. 12-cv-12586 at *9; *Malibu Media v. John Doe 1*, 2013 WL 30648 at *8. The supplemental assignment on September 13, 2012 "included Mr. Field's right to sue for past infringement." *Malibu Media v. John Does 1-13*, (Exhibit B, Docket # 144-4 at 8.) In addition, as stated above, Malibu Media owns the exclusive rights to the Works, which include, *inter alia*, the right at issue here. For these reasons, the Court finds that the rights transferred to Malibu Media from Mr. Fields include the right to sue for past infringements.

### IV. Standing to Challenge Assignment

In addition to disputing the arguments set forth in the Motion, Plaintiff asserts that Doe 22 lacks standing to challenge the assignment of the copyrights because Doe 22 is a third-party infringer. Plaintiff represents that there is no dispute between the original parties to the assignment, Mr. Field and Malibu Media.

"It would be unusual and unwarranted to permit a third-party infringer to invoke section 204(a) to avoid suit for copyright infringement." *Imperial Residential Design, Inc. v. Palms Development Grp., Inc.*, 70 F.3d 96, 99 (11th Cir. 1995); *see also Billy-Bob Teeth, Inc.,* 329 F.3d 586, *Basketball Mktg. Co., Inc. v. Steve & Berry's Univ. Sportswear*, No. 07-716, 2008 WL 556141, at *1 (E.D. Pa. June 30, 2008) ("It would be anomalous to permit a third party infringer to

9

invoke 17 U.S.C. §204(a) [execution of transfers of copyright ownership] against the licensee" where "the copyright holder appears to have no dispute with the licensee on the matter."). Doe 22 was not a party to the original transfer of copyrights from Mr. Field to Malibu Media, nor does he dispute Plaintiff's assertion that he is a third-party infringer. (*See* Exhibit A, Docket # 114-1 at ¶ 15.)  Like the cases cited above, the Court agrees Doe 22 does not have standing to contest the validity of the transfer between Mr. Fields and Malibu Media for the purpose of voiding Plaintiff's claims.

## **CONCLUSION**

As described above, the Court finds that the Plaintiff owns valid copyrights to the Works at issue in this lawsuit, including the right to sue for infringement.  Thus, Doe 22's challenge to standing is without merit. Furthermore, the Court finds that Doe 22 lacks standing to challenge the assignment or transfer of rights between Mr. Field and Malibu Media.  Accordingly, the Court respectfully recommends that Defendant's Motion to Dismiss [filed February 11, 2013; docket #107] be **denied** as set forth herein.

Entered and dated at Denver, Colorado, this 25th day of June, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge